IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv1129-MEF |
| | ) | [WO] |
| KENNETH BRYANT | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is federal inmate Kenneth Bryant ("Bryant")'s amended motion under Fed.R.Civ.P. 60(b)(6), in which Bryant challenges the conviction and sentence imposed upon him by this court in 2000 for possession with intent to distribute cocaine base (Docs. # 1 and # 4).[1]  For the reasons that follow, the court construes Bryant's motion as motion for relief under 28 U.S.C. § 2255 and concludes that he is not entitled to any relief.

## I.  DISCUSSION

In his motion, Bryant asserts as "newly discovered evidence" a claim that the process of selecting jurors in the Middle District of Alabama at the time of his trial violated (1) the Due Process Clause of the Fifth Amendment to the United States Constitution; (2) the Sixth Amendment guarantee of a jury drawn from a fair cross-section of the community; (3) the Equal Protection Clause of the Fifth Amendment; (4) the Jury Selection and Service Act

---

[1]Bryant's self-styled Rule 60(b)(6) motion (Doc. # 1) was stamped "received" in this court on November 28, 2005; however, under the "mailbox rule," the court deems the motion filed on the date he delivered it to prison authorities for mailing, presumptively, November 23, 2005, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Bryant's motion for leave to amend his Rule 60(b)(6) motion (Doc. # 4), which was received in this court on December 12, 2005, was signed by Bryant on December 8, 2005.

("JSSA"), 28 U.S.C.A. §§ 1861-71; and (5) the District's Plan for the Random Selection of Grand and Petit Jurors. *See* Doc. # 1 at 2. He further argues that his counsel was ineffective for failing to raise such a claim at his trial. *See id*. at 4.

Bryant's motion asserts claims of error in his conviction and is clearly an attack on that conviction rather than a challenge to the integrity of this court's judgment denying an application for habeas relief previously filed by Bryant. Accordingly, Bryant's reliance on Fed.R.Civ.P. 60(b)(6) as a vehicle for seeking relief in this case is unavailing. *See Gonzalez v. Crosby*, 545 U.S. ___, ___, 125 S.Ct. 2641, 2646-47 (2005); *El-Amin v. United States*, No. 05-1276, 2006 WL 771182 (11th Cir. Mar. 28, 2006) (unpublished); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005) (unpublished). *See also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (" Rule 60(b) simply does not provide for relief from judgment in a criminal case.") (internal quotations and citation omitted).

Because the claims asserted by Bryant challenge the fundamental legality of his conviction, he seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, regardless of Bryant's own labeling of the instant motion, this court finds that his motion is of the same legal effect as, and should be construed as, a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look

2

behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is at least the second § 2255 motion that Bryant has filed attacking the conviction and sentence imposed upon him by this court in 2000. Bryant's first § 2255 motion was filed on September 21, 2001. This court denied that motion, deciding all claims adversely to Bryant. *See United States v. Bryant*, Civil Action No. 2:01cv1124-MHT: August 2, 2002, Recommendation of the Magistrate Judge (Doc. # 20), adopted as Judgment of the Court by Order of August 20, 2002 (Doc. # 22). On December 20, 2004, Bryant filed a motion styled as a "Motion Pursuant to 3582(c) or in the Alternative Motion Pursuant to Rule 60(B)" wherein he again attacked his 2000 conviction and sentence. That motion was denied by this court, which found the motion to be of the same legal effect as a collateral attack on Bryant's conviction and sentence and, consequently, a successive § 2255 motion which had been filed without Bryant's first receiving certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. *See United States v. Bryant*, Civil Action No. 2:05cv413-ID: May 16, 2005, Recommendation of the Magistrate Judge (Doc. # 5), adopted as Judgment of the Court by Order of August 20, 2002 (Docs. # 9 and # 10). Thus, treating Bryant's instant motion as one under 28 U.S.C. § 2255, this would be a second or successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the

3

appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Bryant has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Bryant's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Bryant on November 23, 2005 (Doc. # 1), as amended on December 8, 2005 (Doc. # 4), be denied and this case dismissed, as Bryant has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive

§ 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 14, 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 1st day of June, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE